## UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

CALEB MICHAEL DUDLEY,

      Plaintiff,

                                       Civil Action No.: 3:25-cv-00013

v.

SHERRIE DANIELLE JOYNES, and
STEPHANIE MORTON,

      Defendants.

### ANSWER

COMES NOW the Defendant, Sherrie Danielle Joynes (hereinafter "Ms. Joynes") by counsel, and filed her Answer in response to Plaintiff's Complaint. In support thereof, Defendant states as follows:

1. The allegations of paragraph 1 of the complaint are admitted

2. The allegations of paragraph 2 of the complaint are admitted

3. The allegations of paragraph3 of the complaint are admitted.

4. The allegations of paragraph 4 of the complaint are beyond the knowledge and information possessed by the defendant .

5. The allegations of paragraph 5 are admitted except defendant is not advised as to the capacity plaintiff intends to sue her in.

6. The allegations of paragraph 6 of the complaint contains a statement beyond the knowledge of the defendant, as such, defendant demands strict proof thereof.

7. The allegations of paragraph 7 of the complaint are admitted.

8. The allegations of paragraph 8 of the complaint are a legal conclusion

9. The allegations of paragraph 9 of the complaint are beyond the knowledge of the defendant, thus she cannot admit or deny.

10. The allegations of paragraph 10 of the complaint is denied as worded.

11. The allegations in paragraph 11 of the complaint are denied except as to, other individuals were already in the office.

12. The allegations of paragraph 12 of the complaint are denied and defendant demand strict proof thereof.

13. The allegations of paragraph 13 of the complaint are denied

14. The allegations of paragraph 14 of the complaint are denied and defendant demands strict proof thereof.

15. The allegations of paragraph 15 of the complaint are denied.

16. The allegations of paragraph 16 of the complaint are denied.

17. The allegations pf paragraph 17 of the complaint are denied as worded.

18. The allegations of paragraph 18 are admitted as worded

19. The allegations of paragraph 19 are admitted as worded.

20. The allegations of paragraph 20 are beyond the knowledge of the defendant, thus she cannot admit nor deny, except that the allegations impose a duty on defendant and defendant denies that she breached that duty.

21. The allegations of paragraph 21 are admitted.

22. The allegations of paragraph 22 are beyond the knowledge of the defendant as they relate to claims of injury which defendant can neither admit or deny, but calls for

strict proof. In the event the injury can be proven, defendant denies that it is the result of any wrongful act or omission on her part.

23. The allegations of paragraph 23 are beyond the knowledge of the defendant, thus she cannot admit nor deny.

24. he allegations of paragraph 24 are beyond the knowledge of the which defendant can neither admit or deny, but calls for strict proof. In the event the allegation can be proven, defendant denies that it is the result of any wrongful act or omission on her part.

25. The allegations of paragraph 25 are beyond the knowledge of the defendant and appear to be against another defendant. As such, no response is of this defendant.

26. he allegations of paragraph 26 are beyond the knowledge of the defendant and calls for strict proof thereof.

27. The allegations of paragraph 27 are beyond the knowledge of the defendant and appear to be against another defendant. As such, no response is of this defendant.

28. The allegations of paragraph 29 are beyond the knowledge of the defendant and appear to be against another defendant . As such, no response is of this defendant.

29. The allegations of paragraph  30 are beyond the knowledge of the defendant and appear to be against another defendant . As such, no response is of this defendant.

30. he allegations of paragraph 31 are beyond the knowledge of the defendant as such she can neither admit nor deny.

31. he allegations of paragraph 32 are beyond the knowledge of the defendant as such she can neither admit nor deny.

32. he allegations of paragraph 33 are beyond the knowledge of the defendant as such she can neither admit or deny.

33. he allegations of paragraph 34 are beyond the knowledge of the defendant as such she can neither admit or deny.

34. he allegations of paragraph 35 are beyond the knowledge of the defendant as such she can neither admit or deny.

35. he allegations of paragraph 36 are beyond the knowledge of the defendant as such she can neither admit or deny.

36. The allegations of paragraph 37 are beyond the knowledge of the defendant and appear to be against another defendant . As such, no response is of this defendant.

37. The allegations of paragraph 38 are beyond the knowledge of the defendant as they relate to claims of injury which defendant can neither admit or deny, but calls for strict proof. In the event the injury can be proven, defendant denies that it is the result of any wrongful act or omission on her part.

38. The allegations of [paragraph 39 are procedural in nature. This defendant incorporates all of her responses previously stated herein.

39. The allegations of paraph 40 purport to state a duty upon thos defendant but defendant denies breaching that duty.

40. The allegations of paragraph 41 are denied

41. The allegations of paragraph 42 are denied

42. The allegations of paragraph 43 are denied

43. The allegations of paragraph 44 are denied

44. The allegations of [paragraph 45 are procedural in nature. This defendant incorporates all of her responses previously stated herein.

45. The allegations of paraph 46 purport to state a duty upon defendant, but defendant denies breaching that duty.

46. The allegations of paragraph 47 are denied

47. The allegations of paragraph 48 are denied

48. The allegations of paragraph 49 are denied

49. The allegations of [paragraph 50 are procedural in nature. This defendant incorporates all of her responses previously stated herein.

50. The allegation in paraphrase is a legal conclusion to which no response is required, to the extent one is required, the allegations denied.

51. The allegations of paraph 52 purport to state a duty upon defendant, but defendant denies breaching that duty.

52. The allegations of paragraph 53 are denied

53. The allegation in pararaph54 are legal conclusion to which no response is required, to the extent one is required, the allegations denied.

54. The allegations of paragraph 55 are beyond the knowledge of the defendant as they relate to claims of injury which defendant can neither admit or deny, but calls for strict proof. In the event the injury can be proven, defendant denies that it is the result of any wrongful act or omission on her part.

55. The allegations in paragraph 56 are denied.

56. The allegations of [paragraph 57 are procedural in nature. This defendant incorporates all of her responses previously stated herein.

57. The allegations of paragraphs 58, 59, 60, 61, 52, and 63 relate to claims against another defendant and do not relates to claims against this defendant. To the extent that any o the said paragraphs suggest, state or otherwise imply wrongdoing against this defendant, the allegations are denied.

58. The defendant denies that she is indebted to plaintiff in any sum for any reason.

59. The defendant is absolutely and qualified immunity or any claim presented herein

60. The defendant enjoys sovereign immunity, governmental official immunity, governmental immunity, and good fait immunity for nay acts taken herein.

61. The complaint herein failed to state a claim for which relief can be a=granted by the court

62. The complaint herein states no basis for an award o punitive damage against her.

63. \The defendant denies that she breached any duties to the plaintiff as may be construed in this complaint.

64. The defendant avers that ask acts and omissions herein were taken or omitted in good faith and objectively reasonable belief in the legality and validity of such actions or omissions.

65. The Defendant avers that plaintiff's claims are barred by plaintiff's own intentional or negligent conduct and voluntary participation in any actiivyt , contributory negligence, and assumption of the risk, which are the proximate cause of any injuries and or damages that plaintiff now complains of.


WHEREFORE, defendant Sherrie Joynes, by counsel dismiss the complaint with prejudice and for cost and attorney ees,


Respectfully submitted,

Sherrie Joynes

BY:

_____
    /s/
                    Counsel


_____
              /s/
Carteia V. Basnight, Esquire (VSB No. 79856)
The Law Office of Carteia V. Basnight
1919 Commerce Drive, Suite 495
Hampton, VA 23666
Telephone: (757) 838-0001
Fax: (757) 848-5871
carteia@basnightlaw.com
*Counsel for the Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of April 2025, I electronically filed the foregoing with the

Clerk of Court using the CM/ECF system, which will send a copy of the foregoing to the

following:

Danny Zemel (VSB# 95073)
THE KRUDYS LAW FIRM, PLC
919 E. Main Street, Suite 2020
Richmond, VA 23219
Phone: (804) 774-7950
Email: dzemel@krudys.com
*Counsel for Plaintiff Caleb Michael Dudley*


Cassandra E. Sheehan, VSB No. 87990
Assistant Attorney General
Office of the Attorney General
Criminal Justice & Public Safety Division
202 North Ninth Street
Richmond, Virginia 23219
Phone: (703) 359-1117
Fax: (804) 786-4239
Email: csheehan@oag.state.va.us
Counsel for Defendant

Carteia V. Basnight, Esq