UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CALEB MICHAEL DUDLEY,

      Plaintiff,

                                                              Civil Action No. 3:25-cv-13

v.

STEPHANIE MORTON, *et al*.

      Defendants.

**Plaintiff's Memorandum in Support of his
Motion to Retroactively Proceed Anonymously**

As Plaintiff approaches the time that he will leave the Bon Air Juvenile Correctional Center and the custody of the Department of Juvenile Justice, his interest in putting that part of his life behind him has increased. A juvenile correctional stay does not stick with a person once they leave DJJ custody in the manner that an adult felony conviction does. The public would have no way of knowing that a juvenile spent time in the custody of DJJ or at a juvenile correctional center. To further that interest in privacy, Plaintiff seeks to proceed under the pseudonym John Doe. He also seeks to apply that change retroactively. Defendants, through counsel, have consented to this motion. Because Plaintiff's status as a juvenile detainee is highly personal, the defense consents to this motion, and the public interest in knowing the name of Plaintiff is minimal, this Court should grant his motion and allow him to proceed as John Doe.

**Applicable Standard**

Trials and court proceedings are presumptively open. However, sometimes sufficient "privacy or confidentiality concerns" allow a court to grant the "rare dispensation" of anonymity. *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). Whether to allow a plaintiff to proceed under

a pseudonym is within the discretion of the district court. *Id*. at 242. While there are no blackline rules, the Fourth Circuit has outlined the following factors courts may utilize:

> (1) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature;
> (2) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties;
> (3) the ages of the persons whose privacy interests are sought to be protected;
> (4) whether the action is against a governmental or private party; and
> (5) the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Doe v. Pittsylvania County*, 844 F. Supp. 2d 724, 728 (W.D. Va. 2012) (citing *James*, 6 F.3d at 238).

**Argument**

Plaintiff asks the Court to grant this Motion to Retroactively Proceed Anonymously because the Fourth Circuit factors weigh in favor of anonymity. Plaintiff's statutory interest in preserving the privacy of his juvenile record, the risk of retaliatory harm, his status as a young adult, and the consent of Defendants are all factors the Court may consider when performing the balancing analysis. Further, to facilitate the retroactive nature of this motion, Plaintiff will provide anonymized versions of all filings to date in this matter to the Clerk's Office.[1]

Regarding the first factor, Plaintiff has a strong interest in keeping the fact that he spent time in DJJ custody confidential. This interest is recognized in Virginia law. The General Assembly requires "all law-enforcement agencies to take special precautions to ensure that law-enforcement records concerning a juvenile are protected against disclosure." Va. Code Ann. § 16.1-301 (A). These precautions include "keep[ing] separate records as to violations of law

---

[1] If there is a process the Clerk's Office or this Court prefer, Plaintiff would of course follow any procedure that makes the process easiest for them.

committed by juveniles." *Id*. Similar rules apply to circuit courts. *See* Va. Code Ann. § 16.1-302(B). And juvenile case files are only open to limited people. *See* Va. Code Ann. § 16.1-305(A).

Plaintiff is currently detained at the Bon Air Juvenile Correctional Center. At the time of the events described in the Complaint, Plaintiff was seventeen (17) years old. When the Complaint was filed, he had reached the age of eighteen (18) but still retained the confidentiality protections inherent in his status as a juvenile. The Fourth Circuit has long recognized the importance of privacy with respect to juveniles: "[A]n essential aspect of the juvenile justice system has been to maintain the privacy of the young offender and, contrary to our criminal law system, to shield [them] from the dissemination of truthful information and transparency that characterizes the punitive system in which we try adults." *United States v. Under Seal*, 853 F.3d 706, 728 (4th Cir. 2017) (quoting *United States v. Elkins*, 683 F.3d 1039, 1047 (9th Cir. 2012)) (internal quotation marks omitted). Indeed, "[j]uvenile confidentiality is the norm." *Under Seal*, 853 F.3d at 728 (quoting *United States v. Three Juvs.*, 61 F.3d 86, 92 (1st Cir. 1995)) (internal quotations omitted). Here, Plaintiff is not seeking to avoid "the annoyance and criticism that may attend litigation," *James*, 6 F.3d at 238, but rather to obtain the privacy recognized by Virginia law, and the Fourth Circuit, as an important interest.

The second factor is not applicable in the typical manner here as Plaintiff is not seeking to shield his name from Defendants, but just from the public. However, there is a risk of mental harm or retaliation from potential employers and others finding out about Plaintiff's time in the custody of DJJ at Bon Air. That is one reason why records of juvenile delinquents are not part of background checks. *See* Va. Code Ann. § 19.2-389.1 (listing the permitted reasons to disseminate juvenile records, which do not include background checks).

For the third factor, while Plaintiff was no longer a minor when he filed the lawsuit (he had recently turned eighteen (18) at the time he first filed his state court lawsuit), he is still a young person, only being twenty (20) years old currently. As one district court within the Fourth Circuit noted, 18- and 19-year-olds "are *young* adults" and so "'may still possess the immaturity of adolescence.'" *Doe v. Alger*, 317 F.R.D. 37, 41 (W.D. Va. 2016) (emphasis in original) (quoting *Yacovelli v. Moeser*, No. 1:02-cv-596, 2004 U.S. Dist. LEXIS 9152, at *24 (M.D.N.C. May 20, 2014)). As the court noted in *Doe v. Alger*, "if [Plaintiff] were just a year or so younger, then only their initials could be used in filings…" *Id*. (citing Fed. R. Civ. P. 5.2(a)(3)).

The fourth and fifth factors can be addressed together here. Plaintiff is not seeking to hide his identity from the defense, but merely from the public. The Defendants and their counsel are aware of Plaintiff's identity and consent to this motion.

Lastly, the issue of retroactivity must be addressed, as Plaintiff did not bring this motion when first filing his Complaint. While this means that internet services may still retain versions of the Complaint and other case filings, allowing Plaintiff to proceed anonymously at this point would limit the harm to his future privacy. If the Court grants this motion, Plaintiff will provide updated versions of all filings to date in this matter to the Clerk's Office, replacing Plaintiff's name with John Doe, or follow any other procedure the Court determines best. Plaintiff understands this may require some extra administrative work on the Court's end (or the Clerk's Office, or both) and is happy to follow the steps that make this easiest for those entities.

Plaintiff respectfully asks that this Court grant his Motion to Retroactively Proceed Anonymously, allow him to proceed as a John Doe, and grant any other such relief as this Court finds proper.

Respectfully submitted,

CALEB MICHAEL DUDLEY,


By:      /s/ Danny Zemel
               Counsel

Danny Zemel (VSB# 95073)
THE KRUDYS LAW FIRM, PLC
919 E. Main Street, Suite 2020
Richmond, VA  23219
Phone: (804) 774-7950
Fax:    (804) 381-4458
Email: dzemel@krudys.com

Maisie Osteen (VSB #98736)
LEGAL AID JUSTICE CENTER
626 E. Broad Street, Suite 200
Richmond, VA 23219
Phone: (804) 643-1086
Fax:    (804) 643-2059
Email:  maise@justice4all.org

*Counsel for Plaintiff*

## Certificate of Service

I hereby certify that on this 6th day of November 2025, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send notification of such filing to all counsel of record.

By:    /s/ Danny Zemel
           Counsel