IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JOHN DOE, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:25CV13 (RCY) |
| ) | |
| STEPHANIE MORTON, ) | |
|     Defendant. ) | |
| ) | |

**MEMORANDUM ORDER**

This matter is before the Court on Plaintiff's Motion to Retroactively Proceed Anonymously ("Motion to Proceed Anonymously," ECF No. 28). Therein, Plaintiff asks that the Court permit him to proceed under the pseudonym John Doe and apply that change retroactively to further Plaintiff's privacy interests as he prepares to leave the custody of the Department of Juvenile Justice ("DJJ"). Mem. Supp. Mtn. to Proceed Anonymously 1, ECF No. 29. Plaintiff represents that Defendants have consented to this request. *Id.* Upon consideration of Plaintiff's Motion, the Court GRANTS Plaintiff's Motion to Proceed Anonymously (ECF No. 28).

Generally, a complaint must state the names of the parties. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties . . ."). This requirement is indicative of a "general presumption of openness of judicial proceedings," however "under appropriate circumstances, anonymity may, as a matter of discretion, be permitted." *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993). Such flexibility recognizes that privacy or confidentiality concerns are sometimes sufficiently critical that parties or witnesses should be allowed the "rare dispensation" to proceed anonymously. *Id.* The Court has a "a judicial duty to inquire into the circumstances of particular cases to determine whether dispensation is warranted." *Id.*

The Fourth Circuit has recognized five factors to serve as guidelines for trial courts in

assessing anonymity requests: (i) whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend to litigation or, rather, to preserve privacy in a matter of a sensitive and highly personal nature; (ii) whether identification poses a risk of retaliatory physical or mental harm to the requesting party or to innocent non-parties; (iii) the ages of the persons whose privacy interests are sought to be protected; (iv) whether the action is against a governmental or a private party; and (v) the risk of unfairness to the opposing party from allowing an action to proceed against it anonymously. *Id.*

Here, the Court is satisfied that the *Jacobsen* factors weigh in favor of allowing Plaintiff to proceed anonymously. Plaintiff's allegations in the Complaint arise out of his confinement at Bon Air Juvenile Correctional Center. Plaintiff has a strong interest in keeping the fact that he spent time in DJJ custody confidential. The importance of this privacy interest for young offenders has been recognized by the Fourth Circuit and is further reflected in the laws governing procedures in Virginia's juvenile courts. *See United States v. Under Seal*, 853 F.3d 706, 728 (4th Cir. 2017); Va. Code Ann. §§ 16.1-301–303, 305. Relatedly, Plaintiff notes that there is a risk of mental harm or retaliation, from potential employers and others, if Plaintiff's time in DJJ is uncovered. Mem. Supp. 3. While Plaintiff was eighteen years old when the lawsuit was originally filed, the events underlying this lawsuit took place while he was a juvenile, and Plaintiff is still a young person, at just twenty years old presently. Finally, both Defendants are aware of Plaintiff's identity and consent to this motion. *See Doe v. Mast*, 745 F. Supp. 3d, 399, 413 (W.D. Va. 2024) (finding potential unfairness of plaintiffs' use of pseudonyms greatly mitigated by defendants' knowledge of plaintiffs' identities).

Accordingly, Plaintiff's Motion to Proceed Anonymously (ECF No. 28) is GRANTED. Plaintiff may proceed in this action under the pseudonym John Doe. The Court DIRECTS the

Clerk to temporarily place this matter UNDER SEAL, while counsel prepares and submits redacted versions of the filings in this action. The Court further DIRECTS the Clerk to remove Plaintiff's name from the docket and replace it with the name John Doe.

Because Plaintiff wishes to apply anonymity retroactively, the Court DIRECTS counsel to send redacted versions of the filings in this action to the Clerk's Office.

Counsel shall further ensure that all future filings containing Plaintiff's name or personally identifying information are redacted to comply with this Order or otherwise filed under seal. All parties, counsel, and witnesses shall refer to Plaintiff as "John Doe" in all filings, hearings, and proceedings before this Court. Defendants, counsel, and Defendant's agents are prohibited from disclosing Plaintiff's actual name or any personally identifying information to any third party not directly involved in this litigation without prior approval of the Court.

This Order shall remain in effect unless and until modified by the Court.

The Clerk is DIRECTED to send a copy of this Order to all counsel of record.

It is so ORDERED.

Date: <u>November 12, 2025</u>  
Richmond, Virginia

/s/ RCY  
Roderick C. Young  
United States District Judge