**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

JOHN DOE,
                 Plaintiff,

v.                                                                CIVIL ACTION NO. 3:25cv13

DANIELLE JOYNES, *et al.*,
                 Defendant.

<u>**OPPOSITION TO MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (ECF
NO. 34)**</u>

COMES NOW, Defendant, STEPHANIE MORTON, and for her Opposition to

Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 34) provides as follows:

**I.       PRELIMINARY STATEMENT**

Plaintiff John Doe ("Doe" or "Plaintiff") filed a lawsuit against Defendant Stephanie

Morton ("Morton" or "Defendant")[1] pursuant to 42 U.S.C. § 1983 contending that Morton

violated his Eighth Amendment rights by agreeing to, and keeping him in, his placement in the

infirmary at Bon Air Juvenile Correctional Center ("Bon Air") for six months and therefore

subjecting him to cruel and unusual punishment. *See generally* Complaint ("Compl." or "ECF

No. 1"). Doe sought monetary damages in the amount of $500,000 as well as his court costs.

Compl. at p. 12, ¶ VI. Plaintiff filed his Complaint on January 10, 2025. In response, on March

14, 2025, Morton filed her Motion to Dismiss and a supporting memorandum. *See* ECF Nos. 13-

14. Plaintiff filed his Opposition to the Motion to Dismiss on April 7, 2025, and Morton replied

on April 22, 2025. ECF Nos. 17, 24 respectively. On March 11, 2026, the Court granted

Morton's Motion to Dismiss and dismissed her from the case entirely. ECF Nos. 31-32. Doe's

---

[1] The Office of the Attorney General does not represent Ms. Joynes.

Motion for Leave to File Amended Complaint (ECF No. 34) followed over a month later. Morton now opposes that motion.

## II.    AUTHORITY AND ARGUMENT

### 1.    The Court should deny the motion because the Court dismissed Claim IV against Defendant Morton with prejudice.

The Court should deny the motion to file an amended complaint because the Court's Order granting Morton's Motion to Dismiss (ECF No. 12) dismissed Count IV with prejudice. ECF No. 32; *see Heitman v. Mason & Hanger Servs.*, No. 97-2028, 1998 U.S. App. LEXIS 32673, at *3 (4th Cir. Dec. 31, 1998).  The Court's Order on the Motion to Dismiss, ECF No. 32 reads, in part: "[f]or the reasons set forth in the accompanying Memorandum Opinion, the Court GRANTS the Motion to Dismiss (ECF No. 12) and DISMISSES Count IV of the Complaint. As there are no other claims against Defendant Morton, Defendant Morton is accordingly DISMISSED from the action." Rule 41(b) of the Federal Rules of Civil Procedure provides in part: "Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." Fed. R. Civ. P. 41(b). Thus, when a "district court's order of dismissal [is] silent as to whether the dismissal was with or without prejudice, pursuant to Rule 41(b), the dismissal [is] on the merits, and therefore with prejudice." *Heitman*, No. 97-2028, 1998 U.S. App. LEXIS 32673, at *4 (where the district court dismissed the action pursuant to Rules 12(b)(5) and 12(e) of the Federal Rules of Civil Procedure) (citing *LeBeau v. Taco Bell*, 892 F.2d 605, 607 (7th Cir. 1989)). A dismissal of a matter pursuant to Federal Rule of Civil Procedure 12(b)(6) is "with prejudice unless it specifically orders dismissal without prejudice." *Hornsby v. United States*, No. 2:22cv427, 2023 U.S. Dist. LEXIS 208264, at *10 (E.D. Va. Sep. 29, 2023) (citing *Carter v. Norfolk Only. Hosp.*

*Ass'n, Inc.*, 761 F.2d 970, 974 (4th Cir. 1985)). Notably, able counsel represented Doe throughout the entire pendency of his lawsuit, and the events of the lawsuit occurred in the past, in that there is apparently no newly-discovered evidence that needed to be added to the Complaint after filing; accordingly, this Court should deny the motion to amend.

   2. **<u>The Court should deny the motion because any amendment would be futile.</u>**

   Even if the Court finds that Plaintiff can file an amended complaint despite the dismissal with prejudice, the Court should nevertheless deny the motion because the amendment would be futile. Leave to amend should be denied when "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Hornsby v. United States*, No. 2:22cv427, 2023 U.S. Dist. LEXIS 208264, at *10 (E.D. Va. Sep. 29, 2023); *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006); *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986). An amendment is considered futile when it "is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510.

   Here, Doe's amendments would be futile because the proposed Amended Complaint (ECF No. 34-1), even with additional allegations, still does not establish an Eighth Amendment violation against Morton. As noted in the previously-filed motion to dismiss, the Eighth Amendment forbids conditions of confinement attributed to a prison official's "deliberate indifference" to an inmate's health or safety because in such situations, the official has inflicted cruel and unusual punishment on the prisoner. *Estelle v. Gamble*, 429 U. S. 97, 104 (1976); *Wilson v. Seiter*, 501 U. S. 294, 299 (1991). To properly state an Eighth Amendment claim, an inmate must allege facts establishing "(1) that objectively the deprivation of a basic human need was 'sufficiently serious,' and (2) that subjectively the prison officials acted with a 'sufficiently culpable state of mind.'" *Johnson v. Quinones*, 145 F.3d 164, 167 (4th Cir. 1998); *Thorpe v.*

*Clarke*, 37 F.4th 926, 933 (4th Cir. 2019) ("The Eighth Amendment inquiry proceeds in two parts: whether confinement conditions inflict harm that is, 'objectively, sufficiently serious' to deprive prisoners of 'the minimal civilized measure of life's necessities' and whether officers subjectively acted with 'deliberate indifference to inmate health or safety' because they knew of but disregarded the inhumane treatment.").

First, Morton submits that the allegations in the proposed Amended Complaint (ECF No. 34-1) do not satisfy the objective prong of an Eighth Amendment violation. The proposed Amended Complaint does not demonstrate the "extreme" deprivation contemplated by the Fourth Circuit in *Thorpe v. Clarke,* 37 F.4th 926, 931-33 (4th Cir. 2022*) and *Porter v. Clarke*, 923 F.3d 348, 353–54 (2019) where prisoners were "deprive[d] . . . of nearly all environmental and sensory stimuli and of nearly all human contact for 22–24 hours a day." The Amended Complaint, either directly or by inference, references a twelve by twelve foot infirmary room; lighting in the room which was dimmed at night; regular showers; daily bathroom use; time outside of his room for at an hour on most days; access to a television; meetings with a teacher and mental health professional; some interactions with other staff and patients in the infirmary; and a haircut. ECF No. 34-1 at pp. 6-7. While he asserts he "received one family visit and one legal visit during the six months he spent in solitary confinement," Doe never suggests that the limits were imposed by Morton, or that she knew of them. *Id.* at ¶ 47. It can easily be inferred that Doe's family and his lawyers were only able to visit him in person one time due to their actions, schedules, and preferences rather than restrictions imposed at Bon Air. Thus, any amendment to the Complaint would be frivolous given that the allegations in ECF No. 34-1 do not meet the objective element of an Eighth Amendment violation.

Second, even if the Court determined that the conditions of the confinement in the infirmary satisfied the objective prong of the Eighth Amendment inquiry, Doe should not receive leave to amend because his proposed Amended Complaint still would fail on the subjective prong. To demonstrate that Defendant Morton subjected Doe to the conditions of his confinement with a "sufficiently culpable state of mind," Doe must demonstrate she "knew of but disregarded the inhumane treatment." *Thorpe*, 37 F.4th at 933. The contentions in the Amended Complaint still do not meet this standard. Again, Doe claims that on or about August 10, 2023, Morton approved John Doe's continued placement in the infirmary pursuant to what was purported to be an emergency transfer mechanism. ECF No. 34-1 at ¶ 82. Doe then vaguely provides information that does not in fact concretely show that Morton knew of Doe's circumstances. For example, he asserts that Doe raised concerns to Dr. Mims, who then "upon information and belief, relayed those concerns to the ICRC." *Id.* at ¶¶ 85-86. He then contends that "[u]pon information and belief, Defendant Morton would have learned about those concerns in her review." *Id.* at ¶ 91. Moreover, Doe states that he "expressed frustration," "that he was lonely," and that he "wanted medication," but never pleads that he provided any of that information to Morton. *Id.* at ¶¶ 88-90. And, there is no indication that Morton ever viewed the assessment report that Doe references, or even when such a report was actually published. *Id.* at ¶¶ 92-93. By Doe's own pleading, that assessment was based on an onsite visit from January 31 through February 1, 2024, which is the tail end of the period when Doe purportedly was in the infirmary. *Id.* at ¶ 94. And, it is unlikely that the report was published or completed until several months later. Even when viewing the proposed Amended Complaint in the light most favorable to Doe, such allegations do not show that "'(1) [Morton] subjectively recognized a substantial risk of harm' and (2) that [Morton] also 'subjectively recognized' that any actions [she] took in

response 'were inappropriate in light of that risk.'" *Parrish ex rel. Lee v. Cleveland*, 372 F.3d 294, 303 (4th Cir. 2004) It is not sufficient that Morton "*should have* recognized the risk and the inadequacy of [the] response"; rather, she needed to actually perceive both.  *Ford v. Hooks,* 108 F.4th 224, 230 (4th Cir. 2024). Thus, any amendment would be futile and the Court should deny the Plaintiff's request to file an amended Complaint.

### III.    CONCLUSION

For the foregoing reasons, the Defendant, Stephanie Morton, respectfully requests that the Court deny the motion to amend; take no action to her detriment; and to provide her any other such relief as is necessary and appropriate under the circumstances.

Respectfully submitted,

Stephanie Morton

By:    s/   Cassandra E. Sheehan
Cassandra E. Sheehan, VSB No. 87990
Assistant Attorney General
Office of the Attorney General
Civil Division
202 North Ninth Street
Richmond, Virginia 23219
Phone: (703) 359-1117
Fax: (804) 786-4239
Email: csheehan@oag.state.va.us
*Counsel for Defendant Morton*

Page **6** of **7**

## CERTIFICATE OF SERVICE

I hereby certify that on the 4th day of May 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing ("NEF") to the following:

Danny Zemel
THE KRUDYS LAW FIRM, PLC
919 E. Main Street, Suite 2020
Richmond, VA 23219
Email: dzemel@krudys.com

Carteia Vaniece Basnight
Law Office of Carteia V. Basnight
1919 Commerce Drive, Suite 110
Hampton, VA 23666
Email: carteia.basnight@gmail.com

s/ Cassandra E. Sheehan
Cassandra E. Sheehan, AAG, VSB No. 87990
Assistant Attorney General
Office of the Attorney General