**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

JOHN DOE,

        Plaintiff,

                                      Civil Action No. 3:25-cv-13

v.

STEPHANIE MORTON, *et al*.

        Defendants.

**Plaintiff's Reply in Support of his Motion for Leave to Amend his Complaint**

Plaintiff John Doe's motion to amend his complaint would not prejudice the defendants,[1] is not brought in bad faith, and is not futile. Nor is it relevant to this analysis that Plaintiff's claim against Defendant Morton was previously dismissed with prejudice. Plaintiff's proposed Amended Complaint states a claim for unconstitutional conditions of confinement against Defendant Morton and his Motion for Leave to Amend his Complaint should be granted. The few brief arguments Defendant Morton advances to the contrary do not alter that conclusion.

**I.      Federal Rule of Civil Procedure 15(b) governs this motion.**

Defendant Morton is correct that a dismissal pursuant to Rule 12(b)(6) is presumptively a dismissal with prejudice. ECF 36, at 2. However, that has no bearing on this motion. The Fourth Circuit has held that "Plaintiffs whose actions are dismissed are free to subsequently move for leave to amend pursuant to Federal Rule of Civil Procedure 15(b) even if the dismissal is with prejudice." *Abdul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 293 (4th Cir. 2018) (citing

---

[1] Defendant Joynes did not file an opposition and thus Plaintiff will only address the points made by Defendant Morton in her opposition.

*Laber v. Harvey*, 438 F.3d 404, 427-28 (4th Cir. 2006)).[2] Accordingly, "neither Rule 41(b), nor the Court's presumptive dismissal of certain claims with prejudice, prohibits Plaintiff from amending his Complaint now." *Karn v. PTS of Am., LLC*, No. GJH-16-3261, 2018 U.S. Dist. LEXIS 125751, *5 (D. Md. July 26, 2018) (citing *Abdul-Mumit*, 896 F.3d at 427-28).

While Plaintiff's claim against Defendant Morton had been dismissed with prejudice, he is still entitled to seek leave to amend his complaint and that effort is governed by Rule 15. *See Matrix Capital Mgmt. Fund, L.P. v. BearingPoint, Inc.,* 576 F.3d 172, 193-94 (4th Cir. 2009) (applying Rule 15 to a motion to amend filed after a dismissal with prejudice); *Convisser v. Linden House, LLC,* No. 3:24-cv-72, 2025 U.S. Dist. LEXIS 203361, *21 (W.D. Va. Oct. 15, 2025) (same); *Certeza v. Wexford Health Sources, Inc.*, No. TDC-18-1791, 2022 U.S. Dist. LEXIS 123359, * 33-34 (D. Md. July 11, 2022) (same). Because Plaintiff satisfies the Rule 15(b) standard, his motion to amend should be granted.

## II. The proposed amended complaint states a claim under the Eighth Amendment against Defendant Morton.

Plaintiff will not rehash the arguments made in his memorandum in support, ECF 35, regarding the viability of his Eight Amendment claim against Defendant Morton. But he will address the few specific arguments made by Defendant Morton in her opposition.

### A. Objective prong.

In arguing that Plaintiff's proposed amended complaint cannot meet the Eighth Amendment standard, Defendant Morton has two points—that John Doe's conditions were not as

---

[2] While that case was about Rule 15(b) which governs post-judgment amendments, as opposed to Rule 15(a) which governs pre-judgment amendments, that difference is immaterial here. The Fourth Circuit had previously held that the only difference between the two standards is that a post-judgment motion to amend must also be accompanied by a motion to vacate the judgment under Rule 59 or 60. *Laber*, 438 F.3d at 427. Here, no judgment under Rule 58 has been entered, and thus the only motion needed is one pursuant to Rule 15.

bad as those the Fourth Circuit has deemed objectively serious and that John Doe has not alleged that Defendant Morton knew of, or imposed, the visitation limitations pertaining to John Doe. ECF 36, at 4. The second argument is not a consideration relevant to the objective prong, which looks only at the conditions John Doe lived in and how they affected him. *See Bolick v. Anderson*, 2026 U.S. App. LEXIS 7488, *12-14 (4th Cir. March 13, 2026).

Regarding her first argument, Defendant Morton states that John Doe had, among other things, "regular showers; daily bathroom use; time outside of his room for [] an hour on most days; [and] access to a television." ECF 36, at 4. Each of these will be addressed in turn. First, John Doe's infrequent shower access, ECF 34.1, at ¶ 35, does not change the fact that he was deprived of darkness, social stimulation, and kept in a small cell 23 hours a day for months. Second, having daily bathroom use is a bare minimum, and John Doe alleges that his requests to use the restroom would "often be denied or delayed" causing him to "hold his urine, often for hours." ECF 34.1, at ¶ 34. Third, John Doe spent approximately 23 hours a day by himself in his cell. ECF 34.1, at ¶ 39. That is the same as the plaintiffs in *Thorpe v. Clarke*, 37 F. 4th 926, 931 (4th Cir. 2022) and *Porter v. Clarke*, 923 F.3d 348, 353-54 (4th Cir. 2019).

Lastly, it is misleading to state that John Doe had "access to a television," at least to the extent that implies he could watch the television whenever he wanted. Staff in the infirmary required John Doe to sit down and watch television in a small area during the one hour he was supposed to be getting exercise. ECF 34.1, at ¶ 41. He did not have continual access to a television. His only access came during the time he was supposed to be allowed to exercise. *Id*. While still a teenager, John Doe spent six months in conditions analogous to those the Fourth Circuit has deemed to be objectively serious. *See* ECF 35, at 12. That time had a grave effect on him,

demonstrating that his conditions were sufficiently serious to trigger Eighth Amendment protections. *Id*. at 12-13.

**B.      Subjective prong.**

Regarding the subjective prong, Morton argues that Plaintiff only "vaguely provides information that does not in fact concretely show that Morton knew of Doe's circumstances." ECF 36, at 5. Plaintiff is not required at this stage to "concretely" show that Defendant Morton knew of Doe's circumstances, but rather only that it is *plausible* that she knew. *See Jackson v. Lightsey*, 775 F.3d 170, 177-78 (4th Cir. 2014). And Plaintiff has provided sufficient circumstantial evidence, *see* ECF 35, at 13-16, from which it may be inferred that Defendant Morton acted with deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 842 (1994) ("Whether a prison official had the requisite knowledge of a substantial risk is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence."). Plaintiff stands on the arguments he has made and will not go back through the evidence detailed in the proposed Amended Complaint.[3]

However, Plaintiff will address the contentions Defendant Morton makes about the independent report referenced in the proposed Amended Complaint at ¶ 92-95. *See* ECF 36, at 5. Defendant Morton contends regarding that report that "there is no indication that Morton ever viewed the assessment report that Doe references, or even when such a report was actually published." *Id*. That argument misconstrues what Plaintiff is using that report to demonstrate. Plaintiff is not contending that the issuance of the report would have put Defendant Morton on notice. Rather, Plaintiff is using the report, and the fact that those creating the report learned about

---

[3] Other than quoting the relevant standard, Defendant Morton does not seem to contest that if she had knowledge of Doe's condition, her response (or lack thereof) demonstrated deliberate indifference.

Doe's circumstances, as a piece of circumstantial evidence in support of the conclusion that Defendant Morton was aware of Doe's circumstances.

Similarly, the knowledge of Dr. Mims and the statements John Doe made to him are further circumstantial evidence supporting the conclusion that Defendant Morton had knowledge of Doe's condition. Dr. Mims was part of ICRC that met routinely during John Doe's time in solitary confinement and every report by the ICRC has a place for the Superintended (Dr. Morton) to sign off. It is a reasonable inference that even if Dr. Morton was not at any of these ICRC meetings, her review of their decisions would have made her aware of John Doe's condition. Moreover, Virginia's Administrate Code requires that Dr. Morton, as the superintendent, shall meet with, or designate someone to meet with, all department heads and key staff members. ECF 34.1, at ¶ 100. It is a reasonable inference at this stage that Dr. Mims would be included as part of these meetings.

Between the outside report, Morton's required duties under the Virginia Administrative Code, the general knowledge of Doe's conditions amongst those at the Bon Air Juvenile Correctional Center, and the meetings of the Institutional Classification and Review Committee, it is plausible to infer from the circumstantial evidence at this stage that Defendant Morton was aware of Doe's condition and did nothing to remedy that condition. Plaintiff's proposed Amended Complaint states a claim for deliberate indifference against Defendant Morton.

*    *    *

The fact that Plaintiff's claim against Defendant Morton was previously dismissed with prejudice does not bear on Plaintiff's Motion for Leave to Amended his Complaint. Rule 15's liberal standard applies here. Contrary to Defendant Morton's assertions, Plaintiff's proposed Amended Complaint states a claim for unconstitutional conditions of confinement and thus would not be futile. For the reasons stated in his memorandum in support, ECF 35, and stated above,

Plaintiff requests that this Court grant his Motion for Leave to Amend his Complaint, docket the

Amended Complaint, and grant any other relief this Court deems proper.

Respectfully submitted,

JOHN DOE,

By:        /s/ Danny Zemel
                Counsel

Danny Zemel (VSB# 95073)
THE KRUDYS LAW FIRM, PLC
919 E. Main Street, Suite 2020
Richmond, VA  23219
Phone: (804) 774-7950
Fax:    (804) 381-4458
Email: dzemel@krudys.com

Maisie Osteen (VSB #98736)
LEGAL AID JUSTICE CENTER
626 E. Broad Street, Suite 200
Richmond, VA 23219
Phone: (804) 643-1086
Fax:    (804) 643-2059
Email:  maise@justice4all.org

*Counsel for Plaintiff*

6

**Certificate of Service**

I hereby certify that on this 10th day of May 2026, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send notification of such filing to all counsel of record.

By:    /s/ Danny Zemel
Counsel