IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| JOHN DOE, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:25CV13 (RCY) |
| | ) | |
| SHERRIE DANIELLE JOYNES, *et al.*, | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to File an Amended Complaint ("AC") ("Mot. Leave," ECF No. 34).  The Court has reviewed Plaintiff's Motion for Leave and denies the same for the reasons that follow.

**I. PROCEDURAL HISTORY**

Plaintiff, John Doe ("Plaintiff"), formerly a resident of Bon Air Juvenile Correctional Center ("Bon Air"), filed his initial complaint on January 10, 2025.  Compl. 1, ECF No. 1.  Therein, in relevant part, Plaintiff alleges Defendant Stephanie Morton ("Morton"), superintendent of Bon Air, was deliberately indifferent to unconstitutional conditions of confinement to which Plaintiff was subjected, in violation of the Fourteenth Amendment, or alternatively, the Eighth Amendment, and consequently asserts that Morton is civilly liable pursuant to 42 U.S.C. § 1983.  *Id.* ¶¶ 57–63. Specifically, Plaintiff asserts "that Defendant Morton was aware of the serious risk of harm to Plaintiff from holding him in the infirmary for an extended period of time but responded to that knowledge with deliberate indifference."  *Id.* ¶ 61.

On March 12, 2025, Morton filed a Motion to Dismiss.  Mot. Dismiss, ECF No. 12; Mot. Dismiss Mem. Supp., ECF No. 13.  Plaintiff filed a response on April 7, 2025.  Resp., ECF No. 17.  Morton filed a Reply on April 22, 2025.  Reply, ECF No. 24.

The Court granted Morton's Motion to Dismiss in a Memorandum Opinion issued on March 11, 2026,[1] reasoning Plaintiff failed to allege facts that plausibly demonstrate that (1) the circumstances and conditions of his confinement were sufficiently serious; and (2) Morton possessed a sufficiently culpable state of mind, i.e., that Morton knew of and disregarded Plaintiff's conditions of confinement.  Mem. Op. 10–15.

Following the Court's Memorandum Opinion, and nearly 15 months after filing his original Complaint, Plaintiff filed the instant Motion for Leave on April 20, 2026.  Mot. Leave; Mot. Leave Mem. Supp. ("Mem. Supp."), ECF No. 35.  Defendant filed her opposition thereto on May 4, 2026.  Mot. Leave Resp., ECF No. 36.  Plaintiff filed his Reply on May 10, 2026.  Mot. Leave Reply, ECF No. 37.

## II.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 15(a)(2) a party may amend its pleading with leave of court, and "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Fourth Circuit has articulated three reasons for denying a motion for leave to amend: "prejudice to the opposing party, bad faith, or where the amendment would be futile."  *United States ex rel. Nicholson v. Medcom Carolinas, Inc.*, 42 F.4th 185, 197 (4th Cir. 2022) (citing *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006)).  With respect to "bad faith," the Fourth Circuit has declined to adopt a rigid definition of the term, instead recognizing that it may encompass conduct

---

[1] For the reasons articulated in the Court's March 11, 2026 Memorandum Opinion, Plaintiff's claim against Morton is governed solely by the Eighth Amendment.  Mem. Op. 5–9, ECF No. 31.  The Eighth Amendment protects those adjudged to have committed a crime from "cruel and unusual punishments" for said crime.  U.S. Const. amend. VIII.

Under Eighth Amendment jurisprudence, a prisoner may seek relief from the conditions of confinement based on a "sufficiently serious" deprivation of a basic human need by a prison official who is acting with a "sufficiently culpable state of mind."  *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991).  This calls for a two-part inquiry, asking (1) "whether confinement conditions inflict harm that is, 'objectively, sufficiently serious' to deprive prisoners of 'the minimal civilized measure of life's necessities,'" and (2) "whether officers subjectively acted with 'deliberate indifference to inmate health or safety' because they knew of but disregarded the inhumane treatment."  *Thorpe v. Clarke*, 37 F.4th 926, 933 (4th Cir. 2022) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834, 838 (1994)).

such as "slacking off," lack of diligence, and the unexplained withholding of previously known evidence. *See id.* at 198–99. Accordingly, "when a party withholds evidence for an extended period, it is not unreasonable for a district court to presume bad faith, at least where no satisfactory explanation is given for the delay." *Id.* at 199. The Fourth Circuit has likewise cautioned that it is not the role of the court to serve as legal advisor, nor are dispositive motions intended to provide nonmoving parties a "dry run" or opportunity to "'wait and see' what the court will decide before requesting leave to amend." *Abdul-Mumit v. Alexandria Hyundai*, LLC, 896 F.3d 278, 292 (4th Cir. 2018).

### III. ANALYSIS

Upon review of Plaintiff's Motion for Leave and the parties' respective briefs, the Court denies Plaintiff's Motion for Leave because (1) amendment would be futile, and (2) Plaintiff's decision to withhold facts and evidence known before filing the original complaint amounts to bad faith. The Court briefly discusses each basis in turn.

First, granting leave to amend would prove futile because Plaintiff again fails to demonstrate that Morton knew of and disregarded Plaintiff's conditions of confinement.[2] Plaintiff argues that he plausibly alleges Morton possessed the requisite culpability because (1) Morton reviewed decisions of the Institutional Classification Review Committee ("ICRC"); (2) Plaintiff expressed concerns regarding conditions of confinement to a counselor who attended ICRC meetings; and (3) Morton's position as superintendent and the responsibilities associated with that position under Virginia's administrative code. AC ¶¶ 79–101. Plaintiff heavily relies on the latter, arguing that "[i]t would have been nearly impossible for [Morton] to complete these requirements

---

[2] Plaintiff added numerous additional factual allegations in an effort to demonstrate that the circumstances and conditions of his confinement were sufficiently serious. *E.g.*, AC ¶¶ 29–38. It is unclear why these factual allegations were omitted from the original Complaint. Plaintiff's omission is the subject of the second basis for denying his Motion for Leave, bad faith, discussed in further detail herein.

without becoming aware of [Plaintiff's] continued stay in solitary." Mem. Supp. at 16.

To state an Eighth Amendment claim, however, Plaintiff must plausibly allege that Morton had actual knowledge of the challenged conditions of confinement. *See Thorpe*, 37 F.4th at 933. Plaintiff's proposed amendments do not bridge that gap. Although Plaintiff now identifies duties generally associated with Morton's position, he does not allege facts showing that Morton personally reviewed information concerning the details of Plaintiff's confinement or otherwise became aware of the conditions at issue. At most, the proposed allegations invite the Court to speculate that Morton acquired such knowledge by virtue of her position alone, effectively asking the Court to infer actual knowledge from title and responsibility rather than well-pleaded facts. That is insufficient to plausibly allege the requisite subjective awareness.

Separately, the Court concludes that Plaintiff's proposed amendments also bear the hallmarks of bad faith. Plaintiff's proposed AC includes numerous factual allegations absent from the original Complaint. Yet those allegations are not the product of discovery or newly acquired information; rather, they concern matters known to Plaintiff before he initiated this action. Plaintiff offers no justification for failing to include those allegations in his original Complaint, and the record supplies none.

Permitting amendment under these circumstances would allow Plaintiff to cure pleading deficiencies by belatedly adding factual allegations that were known to him before this action commenced. Where, as here, a party offers no satisfactory explanation for withholding previously known facts until after the sufficiency of the original pleading has been tested, *Nicholson* recognizes that a court may infer bad faith from that delay. *See* 42 F.4th at 199. Allowing amendment notwithstanding that unexplained withholding would likewise green-light the sort of "dry run" or "wait and see" approach condemned in *Abdul-Mumit*. The Court declines to travel that path.

4

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Leave (ECF No. 34) is DENIED.

The Clerk is DIRECTED to send a copy of this Order to all counsel of record.

It is so ORDERED.

/s/ _____

Roderick C. Young
United States District Judge

Date: July 14, 2026
Richmond, Virginia

5